IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARC POKEMPNER, | ) | JURY DEMANDED |
| | ) | |
| Plaintiff, | ) | NO. |
| -vs- | ) | |
| | ) | |
| THE ASSOCIATED PRESS, a New York | ) | |
| n/f/p cooperative, and DAILY NEWS, L.P., | ) | |
| a Delaware limited partnership d/b/a | ) | |
| THE NEW YORK DAILY NEWS | ) | |
| and DOE I through DOE V, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

MARC POKEMPNER, by his counsel, MARK H. BARINHOLTZ, P.C., complains against defendants, and each of them, and alleges:

## NATURE OF THE CASE

1. This is an action for violations of the Digital Millennium Copyright Act (17 U.S.C. § 1201, *et seq.*) ("DMCA") and for copyright infringement (17 U.S.C. § 501, *et seq.*). Plaintiff, Marc PoKempner ("PoKempner") alleges against Defendants The Associated Press ("AP"), and The New York Daily News ("NYDN"), stemming from their unauthorized uses, misattribution and miscaptioning of one of PoKempner's photographs of Barack Obama collecting signatures for his 1995-1996 run for the office of Illinois state senator. In the image, Obama is depicted alongside a woman wearing a black beret and reading a leaflet (the "Leaflet Work") (See, "Exhibit" hereto).

1

## JURISDICTION

2. This action arises under the copyright laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights or trademarks).

## VENUE

3. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a) because Defendants conduct substantial business within the state of Illinois; Defendants infringed PoKempner's copyrights and violated such Plaintiff's rights to integrity of his copyright management information within the state of Illinois, PoKempner's business and a substantial part of the events or omissions and alleged misconduct giving rise to Plaintiff's claims occurred in the state of Illinois.

## PARTIES

4. Plaintiff, MARC POKEMPNER ("PoKempner") is an experienced professional photographer, located in Chicago, Illinois. At all times relevant, PoKempner has been engaged in the business of photojournalism. PoKempner conducts business under his own proper name, a designation which he uses as a means of source identification for his photographic and journalism services.

5. Defendant, THE ASSOCIATED PRESS ("AP") is, upon information and belief, a not-for-profit cooperative organized under the laws of New York, and has at all times relevant been engaged in the broadcast, print and online news business worldwide

and within this District. AP owns and operates photo databases devoted to collecting, using, licensing and otherwise marketing photographic images to an extensive range of customers and clients. On information and belief, AP maintains, or at relevant times maintained, a bureau in Chicago, and may otherwise be found in this District.

6. Defendant, DAILY NEWS, L.P. d/b/a THE NEW YORK DAILY NEWS ("NYDN") is, upon information and belief, a Delaware limited partnership, and has at all times relevant been engaged in commercial printing and newspaper publishing including news, features and advertising. At certain times relevant to this action, upon information and belief, NYDN was affiliated with the "Chicago Tribune." NYDN thereby does business worldwide and within this District. Upon information and belief, NYDN maintains systematic and continuous business contact with interests and customers in Chicago, and may otherwise be found in this District.

7. One or more person(s) and/or firm(s) who have done business in, caused injury to PoKempner's property in, or which otherwise are located or may be found in this District, but whose identities and/or roles in connection with the circumstances complained of here, are not fully known or disclosed to plaintiff as of the filing of this action. Such Defendants are herein named as Defendants DOE I through DOE V, and are either affiliated with or otherwise directly or indirectly supervised, participated in or financially benefitted from the unlawful dissemination, misattribution and exploitation of the Leaflet Work as hereinafter alleged.

## FACTS COMMON TO ALL COUNTS

8. PoKempner is the owner of the copyrights in and to a photograph of Barack Obama, which is at the center of this action. A copy of the image as used in an online promotion by NYDN is attached hereto as an "Exhibit" (the "Leaflet Work").

9. PoKempner has been engaged as an independent photojournalist since approximately 1972 through the present. During that period he has created images of lasting value of many subject matters and events, particularly political, social and cultural ones in and around Chicago, and elsewhere.

10. At or about November 1995, PoKempner was making pictures to illustrate a story about a promising new politician for a local publication, *The Chicago Reader*. PoKempner was to provide photographic content, and to license certain of PoKempner's photographs to be created thereby, depicting a young Barack Obama, and events surrounding his run for the Illinois state senate.

11. During that time, PoKempner created a series of images depicting certain of Obama's campaign activities in Chicago, including ones of him collecting signatures for his nominating petition for his Illinois state senate run (the "Work(s)").

12. Each time he submitted one of his photographic Works for publication, PoKempner communicated conditions for such use and license of his imagery, and it was then and there and at all times relevant understood and agreed by various media outlets, including *The Chicago Reader*, that use of each Work be limited to reproduction for

4

certain times and uses only, and that other uses for the images could be granted, if at all, only by PoKempner's further permission.

13. It was further understood and agreed by prospective licensee(s) of the Work(s) that the aforesaid licenses were conditioned upon authorship and source attribution of the photographic images in PoKempner with a credit line to run adjacent to the particular licensed image, such credit line to prominently and clearly identify Marc PoKempner as the creator and source of the photographic Work(s).

14. It was further understood and agreed by prospective licensee(s) that, other than the aforesaid licenses, the authorship and copyright ownership, and all copyright rights, title and interest in the Works, would remain exclusively with PoKempner.

15. That the Defendants' infringing uses of the Leaflet Work, or such unlawful uses as are known to PoKempner as of the filing of this action, are or were, on information and belief, displayed on and communicated digitally from the AP's and NYDN's websites visually, prominently and are thereby calculated to serve the same creative and promotional goals for AP and NYDN, namely, as a means of attracting attention ("to get eyes on ads") and otherwise drive sales of online subscriptions through clicks, hits and visits.

16. At all times relevant, the results and proceeds of PoKempner's photographic services in creating the Work(s) were purposefully selected by the Defendants to have maximum impact and emphasis, and to serve as clickbait – a catalyst, on information and belief, based on metrics and algorithms, calculated to drive visits to advertisers, and all as a means to multiply their own economic gain.

17. At or about that time, and on information and belief at times relevant, both AP and NYDN were operating their business through digital and otherwise automated means primarily via the Internet through websites.

18. At or about June 2021, via an Internet promotion for NYDN, PoKempner learned of the unauthorized reproduction of PoKempner's Leaflet Work by NYDN. Defendant NYDN was using the Leaflet Work as the lead-off picture in a slideshow carousel surrounded by clickbait links calculated to entice visits (See, Exhibit hereto).

19. Thereafter PoKempner contacted the NYDN photo editor and attempted to resolve the matter by compromise, and without litigation. Those efforts continued between PoKempner's counsel and AP's in-house counsel, but to no avail.

20. At or about the latter half of 2021 and into 2022, PoKempner made good faith attempts to resolve the matter amicably, but the parties were unable to reach an accord based on a reasonable valuation of the unauthorized copying, misattribution and miscaptioning.

21. Defendants and each of them have copied PoKempner's Leaflet Work, and used such unlawful reproductions to market various of their own newspaper and tabloid publishing services containing the Leaflet Work.

22. No license was ever granted to AP, or NYDN or any Doe Defendant, for the reproduction and/or use of the Leaflet Work for any purpose.

23. No permission was ever sought by AP, or NYDN or any Doe Defendant, for the reproduction and/or use of the Leaflet Work for any purpose.

24. In addition, PoKempner has become aware that Defendants, by their failure to obtain PoKempner's permission, have thereby evidenced their intentions to, and have in fact, improperly miscredited, miscaptioned and otherwise omitted to attribute authorship and source of the Leaflet Work to PoKempner, by widespread dissemination of the Leaflet Work in the infringing uses aforesaid.

25. The Leaflet Work contains substantial material wholly original with PoKempner, and constitute copyrightable subject matter under U.S. copyright laws.

26. PoKempner has complied with registration and deposit requirements of the federal copyright laws, and has obtained copyright registration for his copyrighted Leaflet Work under Certificate of Registration No. VA 1-420-045, eff. Sept. 4, 2009.

27. AP and NYDN have copied the Leaflet Work verbatim. When AP copied and distributed PoKempner's Leaflet Work, AP knew or should have known its uses of the Leaflet Work were not pursuant to any license or permission.

28. The means by which PoKempner conveyed, displayed and distributed the Leaflet Work were at all times connected to identifying information which, under Title 28 U.S.C. § 1202(c), is deemed to be and constitutes copyright management information ("CMI") pertaining to PoKempner and his photojournalist and reportorial services.

29. Additionally, although truthful captioning text accompanying the Work(s) was provided by PoKempner at all times relevant, the accuracy of which was intended by PoKempner to be connected to the imagery, the caption added by AP, on information and belief, is misleading since the image depicts Obama's own campaign activities, not a community voter registration drive.

30. PoKempner's CMI includes, but is not limited to, (i) the title and/or description of the Work(s), (ii) the author's trade name, (iii) a claim of authorship, (iv) a claim to copyright ownership, (v) various copyright symbols and tradename designations, (vi) licensing and use information, and (vii) licensing contact information.

31. PoKempner is informed and believes that AP without license, permission or authorization, failed to ascertain the copyright status of the Leaflet Work. Additionally, AP removed and/or omitted PoKempner's CMI from AP's display, distribution and conveyance of the infringing Leaflet Work as set forth herein. In its place, AP substituted its own CMI, including but not limited to the "AP" brand name, a false claim to authorship ["(AP)"], and the misdesignation of the image via its caption.

32. In removing and/or omitting PoKempner's CMI and/or adding or replacing AP's own CMI to its display, distribution and conveyance of its infringing uses of the Leaflet Work, AP knew or had reasonable grounds to know that such actions would induce, enable, facilitate or conceal its copyright infringements.

33. PoKempner is informed and believes that although NYDN may have recaptioned the Leaflet Work in light of efforts to resolve this matter amicably, AP and NYDN have otherwise refused to fully remediate and address its infringing and other wrongful activities of Defendants and each of them in connection with their misuse and infringement of PoKempner's Leaflet Work.

## COUNT I
### (vs. THE ASSOCIATED PRESS)
### VIOLATION OF DMCA § 1202(a) -- PROVIDING FALSE CMI)

34. PoKempner incorporates herein by this reference each and every allegation contained in paragraphs 1 through 33 above, and in the alternative to each other count alleges against AP and each of the Defendants jointly and severally.

35. AP knew or had reasonable grounds to know AP was not the copyright holder or licensee of any copyright or trade name rights in PoKempner's Leaflet Work.

36. The foregoing acts of AP constitute one or more violations of the DMCA, § 1202 *et. seq.*, including AP's unauthorized, intentional providing of false copyright management information in connection with the Work and which AP knew or had reasonable grounds to know would induce, enable, facilitate or conceal its past and ongoing copyright infringements.

37. Plaintiff suffered and will continue to suffer damages as a result of AP's providing of false copyright management information via AP's subsequent online display, promotion and distribution of unauthorized, miscredited reproductions of PoKempner's Work.

## COUNT II
### (vs. THE ASSOCIATED PRESS)
### VIOLATION OF DMCA § 1202(b) -- REMOVAL/OMISSION OF CMI

38. PoKempner incorporates herein by this reference each and every allegation contained in paragraphs 1 through 33 bove, and in the alternative to each other count alleges against AP and each of the Defendants jointly and severally.

39. AP's decision to use the Leaflet Work without reference to PoKempner's name or claim of authorship or claim to copyright, constitutes violation of the DMCA.

40. The foregoing acts of AP constitute one or more violations of DMCA, § 1202 *et. seq.*, including AP's unauthorized, intentional removal and/or omission of PoKempner's CMI from the Leaflet Work, and which AP knew or had reasonable grounds to know would induce, enable, facilitate or conceal its past and ongoing copyright infringements.

41. Plaintiff suffered and will continue to suffer damages as a result of AP's unauthorized removal and/or omission of PoKempner's CMI from, and subsequent online display, promotion and distribution of the unauthorized Leaflet Work with AP's CMI substituted therefor.

## COUNT III
### (vs. NEW YORK DAILY NEWS)
### COPYRIGHT INFRINGEMENT

42. PoKempner incorporates herein by this reference each and every allegation contained in paragraphs 1 through 33 above, and in the alternative to each other count alleges against NYDN, and each of the Defendants jointly and severally.

43. The foregoing acts of NYDN constitute infringements of PoKempner's copyrights in the Leaflet Work in violation of 17 U.S.C. § 501 *et seq.*

44. Plaintiff suffered and will continue to suffer damages as a result of NYDN's unauthorized use of the Leaflet Work.

## COUNT IV
## (vs. THE ASSOCIATED PRESS)
## COPYRIGHT INFRINGEMEN

45. PoKempner incorporates herein by this reference each and every allegation contained in paragraphs 1 through 33 above, and in the alternative to each other count alleges against AP and each of the Defendants jointly and severally.

46. The foregoing acts of AP constitute infringements of PoKempner's copyrights in the Leaflet Work and in violation of 17 U.S.C. § 501 *et seq.*

47. Plaintiff suffered and will continue to suffer damages as a result of AP's unauthorized use of the Leaflet Work.

WHEREFORE, PoKempner prays this Court enter judgment in his favor and against Defendants AP and NYDN, and each of them jointly and severally with such Doe Defendant(s) who may be liable, and for findings of copyright infringement, and violation of the Digital Millennium Copyright Act, and grant the following relief:

A. A preliminary and ultimately permanent injunction against Defendants and anyone working in concert with them from copying, displaying, distributing, selling or offering to sell Plaintiff's Leaflet Work as described in this Complaint;

B. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Leaflet Work, as well as Defendants' reproductions thereof, used in violation of Plaintiff's exclusive copyright rights as well as all related records and documents and, at final judgment destruction or other reasonable disposition of the unlawfully used Leaflet

Work, including digital files and any other means by which it could be used again by Defendants, or either of them, without Plaintiff's authorization;

C. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Work or, where applicable and at Plaintiff's election, statutory damages;

D. An award of actual damages and profits attributable to each violation of the DMCA, or at Plaintiff's election, statutory damages, and attorney's fees and costs, as permitted under 17 U. S.C. § 1203;

E. An award of Plaintiff's court costs, expert witness fees, pre-judgment and post-judgment interest and all other amounts authorized under law; and

F. Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

PoKempner demands a trial by jury of all issues permitted by law to be so tried.

DATED: June 24th, 2022

              MARC POKEMPNER, Plaintiff.

              BY: _____/s/ Mark Barinholtz_____
                    Attorney

Attorney for Plaintiff:
Mark Barinholtz
IL ARDC #3126803
MARK H. BARINHOLTZ, P.C.
55 W. Monroe St. #3600
Chicago, IL 60603
(312) 977-0121